IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., | No. 2:22-CV-1447-KJM-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CHAVEZ, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion, ECF No. 5, for injunctive relief.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public

1  interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot,
2  however, issue an order against individuals who are not parties to the action.  See Zenith Radio
3  Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Moreover, if an inmate is seeking
4  injunctive relief with respect to conditions of confinement, the prisoner's transfer to another
5  prison renders the request for injunctive relief moot, unless there is some evidence of an
6  expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975);
7  Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).
8          In his motion, Plaintiff appears to fear retaliatory transfer to a different prison by
9  unnamed prison officials in order to "sweep under the rug" his complaints of safety concerns.
10 See ECF No. 5, pg. 2.  Plaintiff asks the Court to order his immediate release as the only remedy
11 for the feared transfer.  See id.
12         The Court finds that the requested injunctive relief is not available.  First, the
13 Court cannot issue injunctive relief against someone who is not a party to the action.  See Zenith
14 Radio, 395 U.S. at 112.  Plaintiff does not indicate in his current motion any involvement by the
15 only defendant named in this case – Chavez.  Second, Plaintiff has not demonstrated any
16 likelihood of success on the merits. See Stormans, 586 F.3d at 1127.  In his complaint, Plaintiff
17 alleged a single past instance of excessive force.  In the current motion, Plaintiff alleges a fear of
18 a retaliatory prison transfer.  Plaintiff does not address the merits of his excessive force claim, and
19 Plaintiff's claim of a retaliatory prison transfer in the future is speculative.  Finally, immediate
20 release is not an available remedy in the context of a civil rights action. See Preiser v. Rodriguez,
21 411 U.S. 475, 500 (1973).
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Based on the foregoing, the undersigned recommends that Plaintiff's motion, ECF No. 5, for injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 18, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE