IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., | No. 2:22-CV-1447-DJC-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| CHAVEZ, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 42.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff states that appointment of counsel is warranted to help him with discovery and gathering evidence. See ECF No. 42, pg. 1. Plaintiff further requests the appointment of a specific attorney, Arielle Tolman, as well as an expert witness regarding "CDCR['s] unlawful use of force protocols." See id. Each of Plaintiff's requests require a finding of exceptional circumstances and the Court finds that the circumstances presented are not exceptional but represent circumstances common to nearly every prisoner bringing a lawsuit in federal court. The docket reflects that, to date, Plaintiff has been able to articulate their claims and arguments. Moreover, the issues presented in this case are not so complex legally or factually as to require counsel. Finally, at this stage of proceedings prior to the completion of discovery or filing of any dispositive motions and supporting evidence, the Court cannot say that Plaintiff has shown a likelihood of success on the merits. For these reasons, Plaintiff has not demonstrated exceptional circumstances warranting appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for both the appointment of counsel and the appointment of an expert witness, ECF No. 42, is denied.

Dated:  July 6, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE