IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., <br><br>  Plaintiff, <br><br> v. <br><br> CHAVEZ, <br><br>  Defendant. | No. 2:22-CV-1447-DJC-DMC-P <br><br> ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's request for reassignment and motion for the appointment of counsel, ECF No. 49.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  In his motion, Plaintiff asks that the case be reassigned to Chief District Judge Kimberly J. Mueller and that Judge Mueller appoint counsel.  Plaintiff does not state any reasons justifying the appointment of counsel and, thus, fails to establish exceptional circumstances.  Regarding Plaintiff's request that the matter be reassigned to Judge Mueller, Plaintiff again fails to provide any reasons or authority supporting reassignment.  Nor has Plaintiff presented any argument explaining why Judge Calabretta should not preside over this case.

Accordingly, IT IS HEREBY ORDERED that both Plaintiff's request for reassignment and the pending request for appointment of counsel, ECF No. 49, is denied.

Dated:  September 1, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE