IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., <br><br> Plaintiff, <br><br> v. <br><br> CHAVEZ, <br><br> Defendant. | No. 2:22-CV-1447-DJC-DMC-P <br><br> FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant's unopposed motion to revoke Plaintiff's in forma pauperis status, ECF No. 39, and request for judicial notice in support thereof, ECF No. 39-1.

The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

///

1

Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies. The alleged imminent danger must exist at the time the complaint is filed. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). A prisoner may meet the imminent danger requirement by alleging that prison officials continue with a practice that has injured him or others similarly situated in the past, or that there is a continuing effect resulting from such a practice. See Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2014).

Dismissals for failure to exhaust available administrative remedies generally do not count as "strikes" unless the failure to exhaust is clear on the face of the complaint. See Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015). Dismissed habeas petitions do not count as "strikes" under § 1915(g). See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005). Where, however, a dismissed habeas action was merely a disguised civil rights action, the district court may conclude that it counts as a "strike." See id. at n.12.

When in forma pauperis status is denied, revoked, or otherwise unavailable under § 1915(g), the proper course of action is to dismiss the action without prejudice to re-filing the action upon pre-payment of fees at the time the action is re-filed. In Tierney v. Kupers, the Ninth Circuit reviewed a district court's screening stage dismissal of a prisoner civil rights action after finding under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis. See 128 F.3d 1310 (9th Cir. 1998). Notably, the district court dismissed the entire action rather than simply providing the plaintiff an opportunity to pay the filing fee. The Ninth Circuit held that the plaintiff's case was "properly dismissed." Id. at 1311. Similarly, in Rodriguez v. Cook, the Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes" provision. See 169 F.3d 1176 (9th Cir. 1999). Again, rather than providing the inmate appellant an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated that the appellant "may resume this appeal upon prepaying the filing fee."

/ / /

This conclusion is consistent with the conclusions reached in at least three other circuits. In Dupree v. Palmer, the Eleventh Circuit held that denial of in forma pauperis status under § 1915(g) mandated dismissal. See 284 F.3d 1234 (11th Cir. 2002). The court specifically held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because "[h]e must pay the filing fee at the time he *initiates* the suit." Id. at 1236 (emphasis in original). The Fifth and Sixth Circuits follow the same rule. See Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996); In re Alea, 86 F.3d 378 (6th Cir. 2002).

Other courts have already determined in several prior cases that Plaintiff has had three or more qualifying "strikes." As Defendant notes:

> Driver is a frequent filer and has been deemed a three-striker by numerous judges who have denied his request to proceed IFP [due] to his prior strikes, including the following five cases brought by Driver: (1) *Driver v. Best*, Case No. 2:22-cv-1542 (E.D.) (Def.'s Request for Judicial Notice (RJN) Exs. 1-A–1-B); (2) *Driver v. Pohovich,* Case No. 2:22-cv-1672 (E.D.) (RJN Ex. 2-A); (3) *Driver v. Garry,* Case No. 2:20-cv-0800-TLN-ACP (E.D.) (RJN Exs. 3-A–3-B); (4) *Driver v. Harber-Pickens*, Case No. 1:19-cv-01775-DAD-EPG (E.D.) (RJN Exs. 4-A–4-B); and (5) *Driver v. U.S. Special Master*, No. 1:17-cv-0202 DAD BAM P (E.D.) (RJN Exs. 5-A–5-B). Thus, at least five prior courts reviewed Driver's litigation history and determined that he was a three-strikes litigant.

ECF No. 39, pg. 6.

The only issue remaining is whether Plaintiff can escape application of the "three strikes" provision of the PLRA in this case by demonstrating imminent danger of serious injury at the time the action was initiated. Here, Plaintiff complains of a single incident of alleged excessive force by Defendant Chavez. Though Plaintiff alleges that he fears additional improper use of force by Chavez, this allegation is speculative and does not satisfy the imminent danger exception. See Blackman v. Miening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

///
///
///
///
///
///

Based on the foregoing, the undersigned recommends that Defendant's unopposed motion to revoke Plaintiff's in forma pauperis status, ECF No. 39, be GRANTED and that this action be DISMISSED without prejudice to renewal upon prepayment of fees therefor.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 6, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE