**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BILLY DRIVER, JR., | No.  2:22-CV-1447-DJC-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CHAVEZ, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motions, which are construed as requests for injunctive relief.  See ECF Nos. 78 and 91.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  When a mandatory injunction is sought – one that goes beyond simply maintaining the status quo during litigation – the moving party bears a "doubly demanding" burden and must establish that the law and facts clearly supports injunctive relief. See Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (en banc).  Mandatory injunctions are "particularly disfavored" and "should not issue in doubtful cases."  Id. (internal quotations

1

omitted).

To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other two Winter factors are satisfied.'"  See Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting Alliance for the Wild Rockies v. Cottress, 632 F.3d 1127, 1135 (9th Cir. 2011)).

To prevail on a motion for injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint."  Pac. Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir. 2015).  Thus, there must be a nexus between the claims raised in the motion and the claims in the underlying complaint itself.  See id.  This nexus is satisfied where the preliminary injunction would grant "relief of the same character as that which may be granted finally."  See id. (quoting De Beers Consol. Mines, 325 U.S. 212, 220 (1945)).

The Court cannot issue an order against individuals who are not parties to the action.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).  Finally, pursuant to the Prison Litigation Reform Act, any injunction with respect to prison conditions "must be narrowly drawn, extend no further than necessary to correct the harm the court finds

2

requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); see also Wonnacott v. Heehn, 2021 WL 970453 (D. Oregon 2021).

Here, Plaintiff has filed two motions appearing to seek some form of injunctive relief. See ECF Nos. 78 and 91. Plaintiff's first filing is captioned "Motion for Immediate Court Protective Order(s) for 2025 and Future CDCR Prison Officials Safety Threats." ECF No. 78. In this motion, Plaintiff claims that, at times occurring after this action was initiated, a non-party correctional officer – Officer Ban – used another inmate as a proxy to threaten to assault Plaintiff. See id. Plaintiff asks for the Court's intervention to prevent future threats to his safety. See id. Plaintiff's second filing is captioned "Motion for an Order to Show Cause Why Civil Contempt – Monetary Sanction in the Amount of $250,000 a Day Until Legal Book(s) and Property and Regular Property is Issued Immediately in 7 Days." ECF No. 91. In this motion, Plaintiff complains that, at some time in late 2025, unnamed non-party correctional officers confiscated his legal and non-legal property. See id. Plaintiff states that, without his legal property, he is unable to prepare his opposition to Defendant's pending motion for summary judgment. See id.

The Court finds that injunctive relief is not appropriate on either of Plaintiff's motions. First, as to both motions, Plaintiff does not seek injunctive relief against individuals who are parties to the action. Second, as to both motions, Plaintiff complains of conduct which is unrelated to claims in the underlying lawsuit. Third, as to both motions, Plaintiff fails to demonstrate the likelihood of irreparable harm. Regarding Plaintiff's fear of assaults, that fear is speculative in that Plaintiff fears assaults in the future. Regarding access to his legal materials, while Plaintiff states that he is unable to prepare an opposition to Defendant's motion for summary judgment absent such materials, the Court notes that Plaintiff's motion was filed three weeks after he filed his opposition to the pending motion for summary judgment.

/ / /

/ / /

/ / /

/ / /

/ / /

3

Based on the foregoing, the undersigned recommends that Plaintiff's motions, ECF Nos. 78 and 91, be construed as motions for injunctive relief and, so construed, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 11, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4